IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELEANOR BLANKSON-ARKOFUL

    Plaintiff(s)

    vs.                                      Civil Action No.  JFM-09-2291

SUNRISE SENIOR LIVING
SERVICES, INC.

    Defendant(s)

******

MEMORANDUM

Plaintiff has brought this action for defamation, false light and invasion of privacy, and employment discrimination against her former employer, Sunrise Senior Living Services, Inc., and a co-worker, Zaira Orellana. Discovery has been completed, and defendants have filed a motion for summary judgment. The motion will be granted.

In their summary judgment motion, defendants argue, based upon the existing record, that no genuine issue of material fact existed and that they were entitled to summary judgment as a matter of law. In response, plaintiff filed a truncated opposition, stating only that (1) "defendant has not met its burden to demonstrate that no issues of material fact exist in the case *sub judice*, and that (2) plaintiff's claims are cognizable." Plaintiff attached to its response documents that she did not produce in discovery, even though a request for production of documents had been propounded to her.

As a preliminary matter, the exhibits that plaintiff attached to her summary judgment opposition should be stricken because they were not produced during discovery. *See, e.g., Blundell v. Wake Forest Univ. Baptist Med. Ctr.*, No. 1:03CV998, 2006 WL 694630, at *1

(M.D.N.C. Mar. 15, 2006). In any event, plaintiff's opposition does not demonstrate that there is a genuine issue of material fact that warrants this case going to trial. Plaintiff's claims arise from an incident in which plaintiff allegedly yelled at an 80-year old female resident at Sunrise who had resisted taking her medications, grabbed the resident's cheeks to force her to open her mouth, slapped her across the face, and then forced the pills into her mouth. Defendant Orellana, who was then (like plaintiff) a rank-and-file caregiver at Sunrise, appropriately reported what she had observed to her superiors. Although in the course of ensuing investigation plaintiff denied what had occurred, Sunrise acted well within its rights in crediting Orellana's testimony over plaintiff's. Having concluded that the incident occurred as described by Ms. Orellana, Sunrise also acted entirely appropriately in reporting the matter to regulatory authorities, as required by Maryland law, and in terminating her employment.

      A separate order granting defendants' motion and entering judgment on their behalf is being entered herewith.

Date: July 8, 2010                    /s/
                                                         J. Frederick Motz
                                                         United States District Judge